FILED
SUPERIOR COURT
OF GUAM

2019 NOV 18 AM 10: 09

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

          Plaintiff,

    v.

MARY JANE MADAYAG BAUTISTA,
DOB: 02/18/1979

          Defendant.

) Criminal Case No. CF0437-17
) GPD Report No. 16-15156
)
)
)
)
) **DECISION AND ORDER**
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 11, 2019 for a restitution hearing. Defendant Mary Jane Madayag Bautista ("Defendant") appeared with Assistant Public Defender Rocky Kingree. The People are represented by Assistant Attorney General Peter J. Santos. After considering the arguments and testimony of the parties and the applicable law, the Court now issues this Decision and Order and **GRANTS** the People's request for restitution.

## BACKGROUND

On July 31, 2017, a grand jury returned an Indictment against the Defendant charging her with Theft (as a Second Degree Felony). The People provided the Court with a restitution summary prior to the scheduled trial date. Submission of Summary Report (RE: Restitution) ("Restitution Report") (Mar. 28, 2019). Thereafter, the Defendant entered into a deferred plea

agreement through an Information to Criminal Trespass (as a Misdemeanor). Deferred Plea Agreement (Apr. 25, 2019). In the agreement, Defendant indicates that "she has an obligation to pay any fine and restitution ordered by the Court." *Id.* at 7, ¶ 13. The Court subsequently held a restitution hearing, at which point the Court took the matter under advisement. Minute Entry (Sept. 11, 2019).

## DISCUSSION

A person convicted of a crime may be ordered to pay restitution in the amount of:

(c) One Thousand Dollars ($1,000.00), when the conviction is of a misdemeanor;
(e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue. For purposes of this Section, the term "gain" means the amount of money or the value of the property derived by the offender and the term "loss" means the amount of value separated from the victim;

9 GCA § 80.50. This means that the court may order Defendant to pay restitution up to one thousand dollars ($1,000.00) without any specific findings but must make findings for any higher amount, not to exceed double the loss of the victim or gain of Defendant. *People v. Mallo*, 2008 Guam 23 ¶ 43. Here, the People seek two thousand two hundred eighty-nine dollars ($2,289.00) in restitution for the victim's losses, requiring the Court to make specific findings regarding those losses if it wishes to order restitution in that amount. *Id.* The People bear the burden of proving losses by a preponderance of the evidence. *See United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

At the hearing, the victim, Reche Quiapos, testified as to her losses as a result of the crime.[1] The victim provided to the Attorney General's office a list of items which were not

---

[1] The victim initially filed a police report, indicating items had been stolen from her residence. Defendant, however, plead down from Theft (as a Second Degree Felony) to Criminal Trespass (as a Misdemeanor). The

returned as a result of the investigation, which was subsequently included in the Restitution Report. While the victim received some of the items back from the investigation, some remained missing. Court Recording ("CR") at 3:21:16 (Sept. 11, 2019). The submitted list describes four (4) items: (1) Highschool Ring – George Washington at $200.00; (2) 14K Gold Pearl Set from Lin's Jewelry (Ring, Necklace, Earrings) at $1,799.00; (3) Kid's White Gold Necklace – Boy at $140.00; and (4) Kid's White Gold Heart Necklace – Girl at $150.00. Restitution Report at 3. The victim obtained the high school ring in 1996 when she was in high school. CR at 3:19:37. The victim testified that she obtained the pearl set around 2002 while on Guam. CR at 3:19:51. The victim further testified she was missing two more necklaces from her jewelry box. CR at 3:20:26 and 3:20:40. A picture of one of the necklaces from the website from which she purchased it was provided. Restitution Report at 3.

The victim indicated she did not have receipts for these items as she obtained them almost twenty (20) years ago. CR at 3:19:18. The prices indicated in the list are only estimates. CR at 3:21:06. The victim, as she was not sure of the fair market value the items, reduced the value of the items when submitting the list. CR at 3:57:20.

After hearing the testimony of the victim and the arguments of the parties, the Court is satisfied that the People have met their burden of proving the victim's losses by a preponderance of the evidence. *Waknine*, 543 F.3d at 556. Accordingly, the Court shall grant the People's request for restitution and order the Defendant to pay for the full losses incurred by the victim.

Defendant argued at the hearing that the restitution hearing was not limited in scope to determining the amount of loss suffered by the victim. Counsel for Defendant submitted many theories during questioning, including allegations that the victim made a deal with Defendant to

---

Court notes that the fact that Defendant did not plead guilty to theft does not absolve her from restitution for the items taken.

sell the items complained of to a pawn shop for them both to gain. The statute makes clear, however, that the Court may conduct a hearing for the purpose of "mak[ing] a finding as to the amount of the gain or loss." 9 GCA § 80.50(e). The Court considers evidence which relates to the amount of the gain or loss of the victim in making its findings.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the People's request for restitution. It is hereby **ORDERED** that the Defendant pay restitution to the victim, Reche Quiapos, in the amount of two thousand two hundred eighty-nine dollars ($2,289.00).

**IT IS SO ORDERED** on this 18th day of November, 2019.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of ____

NOV 18 2019  Time: 10·15

Deputy Clerk, Superior Court of Guam